IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00294-CNS

JAVIER ANDRES GARCIA CORTES,

    Petitioner,

v.

ROBERT GUADIAN, Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
KRISTI NOEM, U.S. Department of Homeland Security,

    Respondents.

---

## ORDER

---

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. *See, e.g.,* ECF No. 1. As Petitioner's challenge is fundamentally legal in nature, no hearing is required. *See* 28 U.S.C. § 2243. After reviewing the parties' briefs, the Court GRANTS Petitioner's habeas petition.

Few facts are necessary to appreciate why Petitioner filed his petition. On September 16, 2025, the Court ordered Respondents to provide Petitioner with a bond hearing before an immigration judge. *See Garcia Cortes v. Noem*, No. 1:25–cv–02677–CNS, 2025 WL 2652880, at *5 (D. Colo. Sept. 16, 2025). He got it. The immigration judge released Petitioner from custody under a $15,000 bond, determining that he was not a danger to the community, ECF No. 1-1 at 1–2, and "[did] not pose a flight risk," *id.* at 4.

1

The immigration judge imposed no additional conditions on Petitioner's release—only bond—which Respondents acknowledge. *See generally* ECF No. 1-1; ECF No. 11 at 2. Petitioner was released on bond on September 23, 2025. *See, e.g.* ECF No. 11-1 at 2.

On September 24, 2025—one day later—Immigration and Customs Enforcement (ICE) "enrolled" Petitioner in its "Alternatives to Detention" program. *Id.* This enrollment required Petitioner to "submit to GPS monitoring"—i.e., wear a monitoring device, as well as submit to periodic "check-ins" through, for instance, a mobile app. *Id.* According to ICE, Petitioner failed to comply with these conditions, so ICE arrested Petitioner on January 21, 2026. *Id.* at 3. Petitioner filed his habeas petition on January 24, 2026. *See* ECF No. 1.

## I.   ANALYSIS

Petitioner argues that his immediate release is necessary because Respondents' placement of "additional conditions" on his release—the monitoring and the check-ins—violate his constitutional due process rights. ECF No. 1 at 15; *see also id.* at 24. Respondents distill their challenges to this argument to two primary points: that Petitioner hasn't properly exhausted his administrative remedies, and he can't succeed on the merits of his claims. *See* ECF No. 11 at 11. Nonsense.

*First*, as to Respondents' exhaustion argument, they've made it before. Take this language from Respondents' brief in this case: "Petitioner can challenge the conditions of release by requesting that the IJ review those conditions, *see* 8 C.F.R. § 1236.1(d)(1), or by asking the ICE district director to change those conditions, *see* 8 C.F.R. § 1236.1(d)(2). Either decision could then be appealed to the Board of Immigration Appeals.

2

See 8 C.F.R. § 1336.1(d)(3)(i); 8 C.F.R. § 1003.19(f)." ECF No. 11 at 5. Turn now to Respondents' "Response to a Motion to Enforce" in a separate case in this judicial district, where the petitioner sought removal of an ankle monitoring device and other conditions of release not imposed by an immigration judge: "Petitioner can challenge the conditions of release by requesting that the IJ review those conditions, see 8 C.F.R. § 1236.1(d)(1), or by asking the ICE district director to change those conditions, see 8 C.F.R. § 1236.1(d)(2). Either decision could then be appealed to the Board of Immigration Appeals. See 8 C.F.R. § 1336.1(d)(3)(i); 8 C.F.R. § 1003.19(f)." *Batz Barreno v. Baltasar*, No. 25–cv–03017–GPG–TPO, ECF No. 22 at 7.

Try spotting the differences.

*Batz Barreno* rejected Respondents' exhaustion argument, instead reaching the merits of its habeas petition's virtually identical challenge. --- F. Supp. 3d ----, 2026 WL 120253, at *2 (D. Colo. Jan. 15, 2026) ("Petitioner then filed her Motion seeking that the Court order Respondents to remove the GPS ankle monitor device and any other intrusive conditions of release that were not ordered by the Immigration Judge." (citation modified)). The Court likewise rejects Respondents' exhaustion argument, agreeing with *Batz Barreno* and Petitioner that Petitioner was under no exhaustion obligation that would otherwise bar the Court from considering the merits of his habeas petition. *See* ECF No. 12 at 13–14; *Batz Barreno*, 2026 WL 120253, at *2.

*Second*, as to Respondents' challenge to the merits of Petitioners' arguments, those fail. Imposing after-the-fact release conditions, such as GPS wearables and check-ins, that the immigration judge did not herself impose, *see generally* ECF No. 1-1

3

constitutes custody for habeas purposes. *See Batz Barreno*, 2026 WL 120253, at *2 (collecting cases); *C.C.S, et al. v. Wamsley, et al.*, No. 6:25–cv–02014–AA, 2026 WL 178306, at *8 (D. Or. Jan. 22, 2026) (same). At bottom, "Respondents may not impose additional conditions *after an IJ has ordered release on a bond and set conditions of release*, as here." *Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025)

* * *

In rejecting Respondents' bases for Petitioner's continued detention—and challenges to Petitioner's constitutional challenges—the Court repeats what many district courts have already said.[*] Just as the Court has already repeated itself in continually rejecting Respondents' undaunted efforts to improperly detain other habeas petitioners under 8 U.S.C. § 1225's mandatory detention provisions. *See, e.g. Espinoza Ruiz v. Baltazar*, No. 1:25–cv–03642–CNS, 2025 WL 3294762, at *1 (D. Colo. Nov. 26, 2025) (collecting cases). And other federal courts across the nation are busy adjudicating similar habeas petitions, considering and rejecting similar arguments. *See id.*

While Respondents get to repeat themselves, they don't get to repeatedly violate Petitioner's due process rights. Because Petitioner remains in custody in violation of the United States Constitution, *see, e.g. Batz Barreno*, 2026 WL 120253, at *3, the Court orders his release from custody. Accordingly, the Court need not consider Petitioner's statutory claim. *See* ECF No. 1 at 20.

---

[*] Indeed, absent any intervening change in law or material—and the Court means *material*—change in fact, the Court will require no argument in the future as to whether the after-the-fact imposition of conditions that exceed or contradict an immigration judge's bond order amount to a petitioner's due process violations.

## II.     CONCLUSION

Consistent with the above analysis, Petitioner's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, is GRANTED. Petitioner is ORDERED released from custody. Respondents SHALL NOT subject Petitioner to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing, including the imposition of any and all GPS monitoring technology or devices. *See* ECF No. 1-1. Any such monitoring technology or devices SHALL BE REMOVED from Petitioner immediately. Respondents SHALL FILE a status update certifying compliance with this Order within 24 hours.

DATED this 2nd day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge