IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-00294-CNS

JAVIER ANDRES GARCIA CORTES,

    Petitioner,

v.

ROBERT GUADIAN, Field Office Director, Denver Field Office, Immigration and Customs Enforcement,
JUAN BALTAZAR, Warden of Denver Contract Detention Facility,
KRISTI NOEM, U.S. Department of Homeland Security,

    Respondents.

## ORDER

Before the Court is Petitioner's Motion to Enforce or Alternative Motion to Amend Judgment Under Fed. R. Civ. P. 59(e). ECF No. 17. In his motion, Petitioner represents, consistent with Respondents' prior status report, *see* ECF No. 15, that he has been released from custody, but says Respondents have not returned all of his property, including his driver's license, employment authorization document, and passport. *See* ECF No. 17 at 1.

Petitioner's motion raises two obvious points. First, that documents such as these are of paramount importance to him—as, the Court notes, they would be to anyone. And second, that consistent with the Court's prior order, *see* ECF No. 13, and caselaw cited in it, *see, e.g., Orellana Juarez v. Moniz*, 788 F. Supp. 3d 61, 69 (D. Mass. 2025),

1

Respondents were and are obviously wrong to not return such items to Petitioner upon his release from custody.

At its most benign, this failure is an unforced error of preventable dimension. At its worst, this is unjustifiable intransigence, where retention of Petitioner's belongings is tantamount to imposition of an additional and illegal condition the immigration judge didn't and hasn't imposed. *Cf. id*. ("Respondents may not impose additional conditions *after an IJ has ordered release on a bond and set conditions of release*, as here."). And certainly it's a violation of an order from this Court. *See* ECF No. 13 at 5 ("Respondents SHALL NOT subject Petitioner to conditions of release that are inconsistent with the exact terms as set by the Immigration Judge after the bond hearing.").

The Motion, ECF No. 17, is GRANTED. Respondents are ORDERED TO IMMEDIATELY return to Petitioner ALL OF HIS BELONGINGS that are currently or have ever been in their possession or in the possession of their agents. *See Orellana Juarez*, 788 F. Supp. at 70 (ordering that "if [petitioner's] cellphone and wallet have not been returned to him already, Respondents are directed to do so immediately"). Respondents have THREE HOURS to file a status report confirming that such items have been returned to Petitioner or Petitioner's counsel, or explaining what steps have been undertaken to return such items. If by three hours such items have not been returned, Respondents shall file another status report by 5:00 P.M., February 6, 2026—which, lest there be any confusion, is today—certifying that these possessions are in Petitioner's possession, or in the possession of Petitioner's counsel.

DATED this 6th day of February 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge